Filed 6/3/21  P. v. Ellis CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B303032 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. A561490-03 |
| v. | |
| RANDALL EUGENE ELLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Reversed and remanded.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

In 1983 a jury convicted defendant and appellant Randall Eugene Ellis of first degree murder as well as robbery. In 2019, after the Legislature passed Senate Bill No. 1437 (SB 1437), Ellis filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court denied the petition, stating Ellis was ineligible for relief because he was a major participant in the underlying robbery who acted with reckless indifference for human life. On appeal, the Attorney General agrees with Ellis that we must return the case to the trial court for an order to show cause and an evidentiary hearing, because the court may not actually weigh the facts without issuing an order to show cause and holding a section 1170.95, subdivision (d) hearing. Accordingly, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**[2]

1. ***The crime, trial, and appeal***

One evening in May 1981, Ellis was in a car with Michael Wayne Hayes and Daniel Lee George. The threesome was trying " 'to pick up some dope' " and visit a friend, but the friend wasn't home. They decided to rob a liquor store. After considering and rejecting a couple of possible targets, the three decided to rob a "mini-mart" in Monrovia. (*Ellis I*, *supra*, 169 Cal.App.3d at pp. 902-903.)

---

[1]    References to statutes are to the Penal Code.

[2]    We summarize the facts from our published opinion in Ellis's direct appeal, *People v. Hayes et al.* (1985) 169 Cal.App.3d 898 (*Ellis I*). Counsel for Ellis also cites to our 1985 opinion in her brief, as well as to preliminary hearing transcripts counsel had in the trial court. Those transcripts are not included in the record on appeal.

2

George dropped Ellis and Hayes off, then parked. Just before they went into the store, Ellis handed Hayes a .25 caliber automatic. The store clerk, David Smith, cooperated fully. Nevertheless, Hayes shot Smith three times in the back as he lay face down on the floor. Ellis, Hayes, and George fled. (*Ellis I*, *supra*, 169 Cal.App.3d at p. 903.)

Ellis, who was 16 at the time, told police he had taken cash from the register. (*Ellis I*, *supra*, 169 Cal.App.3d at pp. 901-903.)

The People charged Ellis, Hayes, and George with Smith's murder. The People alleged a principal was armed with a handgun in the commission of the crime and the three defendants were engaged in the commission of robbery during the murder within the meaning of section 190.2, subdivision (a)(17). The People further alleged Hayes personally used a handgun in the murder, and he committed the murder for financial gain. Count 2 charged the three defendants with robbery, with a "principal armed" allegation, and—as to Hayes—personal firearm use and infliction of great bodily injury allegations.

Before or at the outset of trial (the timing is unclear), the trial court struck the special circumstance allegation as to Ellis. Ellis was tried separately. (*Ellis I*, *supra*, 169 Cal.App.3d at p. 901.) In February 1983 a jury convicted him of murder and robbery, and found true the "principal armed" allegations on both counts. The trial court sentenced Ellis to an indeterminate term of 25 years to life, plus one year for the firearm allegation. On the robbery count, the court sentenced him to six years (the upper term plus one year for the firearm allegation), to be served concurrently.

On appeal, Ellis argued the trial court erred by (1) admitting his statement to police because it was coerced and

involuntary, and (2) failing to instruct the jury that, as an aider and abettor, he must have had the intent or purpose of committing, encouraging, or facilitating the commission of the offense. (*Ellis I*, *supra*, 169 Cal.App.3d at pp. 904-909.) The *Ellis I* court rejected both arguments and affirmed Ellis's conviction. On the instructional error issue, the court stated "aiding and abetting instructions were not even necessary," because Ellis "was a direct and active participant in a robbery which led to a murder." Thus he was "responsible for the death under the felony-murder rule." (*Id.* at p. 911.)

## 2.    *Ellis's petition for resentencing under section 1170.95*

In January 2019, Ellis filed a petition for resentencing under section 1170.95. On a downloadable form, Ellis checked boxes 1, 2a, 3, 4, and 5, as well as its subboxes. The trial court appointed counsel for Ellis.

On April 11, 2019, the Office of the District Attorney filed an opposition to Ellis's petition. The prosecution devoted most of its brief to the contention that section 1170.95 is unconstitutional. The prosecution also attached copies of *Ellis I* and the probation officer's 1983 report. In a three-page section of its opposition, the prosecution argued the court should deny Ellis's petition because he "was a major participant in the underlying attempted robbery [*sic*] [of] David Smith and also acted with reckless indifference to human life."

On June 13, 2019, Ellis's counsel filed a reply. (Although entitled "Petition for re-sentencing pursuant to PC 1170.95," the pleading is a brief in support of Ellis's January 2019 petition.) Citing *Ellis I*, counsel noted Ellis was not convicted as an aider and abettor to the murder. Counsel argued, "Ellis, a participant in the robbery but not in the shooting, is the type of individual

SB 1437 sought to remove from the definition of murder." Counsel also argued section 1170.95 is constitutional.

The matter was continued several times while the prosecution tried to get the trial transcripts from the Attorney General. Although those efforts ultimately were unsuccessful due to the passage of some 36 years, the prosecution was able to obtain the 430-page preliminary hearing transcript, which it provided to Ellis's counsel and the court. Both the prosecution and Ellis's counsel filed supplemental briefs. Citing *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the prosecution continued to argue Ellis was a major participant in the robbery who acted with reckless indifference to human life. Ellis's counsel argued the preliminary hearing testimony was consistent with the *Ellis I* court's statement that the People prosecuted Ellis not as an aider and abettor but under the felony-murder rule.

On November 7, 2019, the court conducted a hearing on whether Ellis had made a prima facie case of eligibility. Ellis's counsel had requested his client not be ordered out from state prison for the hearing.[3] The court said it had read all the briefs, "the attachments to the various filings," and the preliminary hearing transcript. The court offered a tentative and defense

---

[3] The minute order erroneously states Ellis was "present in court." The minute order for the previous court date— October 15, 2019—states, "Defense is not requesting to have defendant present on the next court date." The reporter's transcript for November 7, 2019, states, "Defendant Randall Ellis, not present, being represented by counsel, Herb Barish, bar panel." At the outset of the hearing, the court stated, "Mr. Ellis is not present. Counsel are present."

counsel responded, "I would ask for that." The court stated, "The court's indicated that Mr. Ellis is not eligible for resentencing under 1170.95 because he is a major participant and acted with reckless indifference to human life. I can go through in more detail what that's based on."

Defense counsel argued Ellis's case was "the type of situation" SB 1437 was intended to address. Counsel noted that, under *Banks* and other published cases, "[r]obbery itself does not qualify automatically as a[n] offense that's dangerous to human life." Counsel said "the decision to pull the trigger on the poor clerk . . . was strictly made independently by the individual who did the shooting." Counsel added, "There's no indication there was any plan to do anything more than commit a robbery."

The prosecutor argued Ellis wasn't just "a driver who's sitting idly by as the main people go in and do the robbery." Ellis, he said, got a loaded gun, cased possible targets with Hayes, went to the cash register, and then did nothing to prevent the crime, stop the shooting, or aid the victim after Hayes shot him.

After hearing further argument, the court denied the petition. The court stated this was not a situation "where two people go into a liquor store and one ends up shooting. The other person doesn't know that the shooter even has a gun." The court concluded "Mr. Ellis is clearly a major participant, and he's clearly showing a reckless indifference to human life."

"[H]ighlight[ing] some of the factors," the court noted Ellis and Hayes "formulate[d] a plan together" "to rob a liquor store." "[T]he two of them" "case[d] various establishments." Ellis had a loaded gun, and he didn't leave it in the car but "[said] to Hayes you take it." The court observed Ellis did nothing to intervene

when Hayes pointed the gun at Smith, nor to aid Smith after Hayes shot him; Ellis fled with Hayes and "ma[de] efforts to get rid of the gun."

The court stated it did not need to reach the issue of the constitutionality of SB 1437, having "determined that Mr. Ellis is not eligible."

## DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015). SB 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f). See *People v. Roldan* (2020) 56 Cal.App.5th 997, 1001, review granted Jan. 20, 2021, S266031.) SB 1437 added section 1170.95 to the Penal Code. It establishes a procedure by which a person convicted of murder under the felony-murder rule can seek to vacate that conviction and be resentenced on any remaining counts if he could not have been convicted of murder because of SB 1437's changes to the definition of the crime. (Stats. 2018, ch. 1015, § 4; see also *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

Evaluation of a section 1170.95 petition requires a multi-step process: an initial review to determine the petition's facial sufficiency; a prebriefing, "first prima facie case review" to determine preliminarily whether the petitioner is statutorily eligible for relief as a matter of law; and a second, postbriefing prima facie review to determine whether the petitioner has

made a prima facie case that he is entitled to relief.  (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897, review granted Aug. 12, 2020, S263219; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 327-330; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1165-1166.)  If the petitioner makes such a showing, the court must issue an order to show cause and conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts.  (§ 1170.95, subds. (c), (d); *Nguyen*, at pp. 1165-1166.)

Ellis presents four theories as to why the trial court erred in denying his petition.  The Attorney General agrees with one of them:  "that the trial court's consideration of the underlying facts was premature at this stage of the proceedings."  As the Attorney General explains,

> "[I]t was undisputed that appellant's murder conviction[ ] could have been based on a theory of felony murder.  The trial court's denial of the petition was predicated on consideration of the facts of the crime and finding that he could nevertheless be convicted of murder under a currently valid theory.  Although that is the correct question, and the facts support the court's finding, the court may not actually weigh the facts without issuing an order to show cause and holding a section 1170.95, subdivision (d) hearing.  Thus, a remand for further proceedings is appropriate."

The Attorney General is correct.  (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 973, 982 [where petitioner was neither the actual killer nor convicted on the theory he had

the intent to kill the victim, trial court "should not have engaged in . . . factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing"]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [court may consider record of conviction at prima facie stage but "may not evaluate the evidence, make credibility findings adverse to the petitioner, engage in factfinding or exercise discretion"]; *People v. Harris* (2021) 60 Cal.App.5th 939, 949-950, review granted Apr. 28, 2021, S267802 [court erred in engaging in factfinding without issuing order to show cause and holding evidentiary hearing rather than evaluating record of conviction solely to determine whether it established petitioner's ineligibility as a matter of law].)

As the Attorney General notes, a remand is required for the trial court to issue an order to show cause and to conduct an evidentiary hearing under section 1170.95, subdivision (d), to weigh the evidence and decide whether relief should be granted. At that hearing, "both parties may rely upon evidence in the record of conviction," and the parties also "will have the opportunity to present new and additional evidence."[4]

---

[4] We do not agree with Ellis that "the remand order should be to vacate Ellis's murder conviction and resentence him on the underlying robbery charge." In his opening brief, Ellis argued the trial court's pretrial dismissal of the special circumstance allegation as to him constituted "a prior finding that Ellis was not a major participant who acted with reckless indifference to human life," and thus "Judge Shubin . . . was required to proceed directly to resentencing without the necessity of a hearing." The Attorney General pointed out in his respondent's brief that, at the time, "a robbery-murder special circumstance applied only to actual killers or aiders and abettors who acted with

9

the intent to kill"; "[t]he 'major participant' and 'reckless indifference to human life' provisions were not added until 1990." Thus, the dismissal of the special circumstance in 1983 (or earlier) did not involve any finding of whether Ellis was a major participant in the robbery who acted with reckless indifference to human life.

Ellis then withdrew his argument in his reply brief. Instead, for the first time in his reply, Ellis asserts felony murder is no longer murder and the court cannot reimpose the special circumstance that was stricken. (Neither the district attorney nor the Attorney General has suggested reinstating the special circumstance.) Ellis has forfeited this argument by failing to raise it in his opening brief. (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 993.) In general, we will not consider arguments raised for the first time in a reply brief, because it deprives the respondent of the opportunity to respond. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387-1388.) Apart from being tardy, Ellis's argument borders on the unintelligible. Ellis seems to be confusing a first degree murder conviction based on a felony-murder theory with a special circumstance of felony murder. After SB 1437, the question is whether Ellis "could not be convicted of first . . . degree murder because of changes to Section 188 or 189." (§ 1170.95, subd. (a)(3).) Section 189, as amended, still permits a conviction under the felony-murder doctrine where the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subds. (a), (e)(3).)

10

**DISPOSITION**

We reverse the trial court's order denying Randall Eugene Ellis's petition for resentencing and remand the case with instructions to issue an order to show cause and to conduct an evidentiary hearing in accordance with section 1170.95, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

I concur:

EDMON, P. J.

11

LAVIN, J., Concurring:

I join the majority in reversing the trial court's order and remanding the matter with directions to issue an order to show cause, and to proceed in accordance with Penal Code section 1170.95, subdivision (d). I write separately because I disagree that Penal Code section 1170.95, subdivision (c) requires two prima facie reviews. (See *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684.)

LAVIN, J.